UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

_____

AF HOLDINGS, LLC,

      Plaintiff,

v.

JOHN DOE(S) 1-4,

      Defendants.

Case No. 3:12-CV-00055-GEC

_____

**PLAINTIFF'S RESPONSE TO MOTION FOR EXTENSION OF TIME**

    An anonymous individual ("Movant") filed a motion for extension of time to file an opposition to Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference ("Discovery Motion"). (ECF No. 8.) Even though Movant claims to be a defendant in this action, no defendant has been named and served in this case. As a result, Movant is not a party to this action and lacks standing to respond to Plaintiff's Discovery Motion. Further, Movant failed to properly meet and confer with Plaintiff regarding an extension of time. Finally, because the identifying information Plaintiff seeks in its Discovery Motion is under imminent threat of destruction, any delay will cause great prejudice to Plaintiff. For the reasons set forth below, the Court should deny Movant's motion for extension of time.

**ARGUMENT**

    This brief consists of three parts. Part I argues that Movant's request for extension is moot because he lacks standing to respond to Plaintiff's Discovery Motion. Part II argues that Movant's request should be denied because he failed to properly meet and confer with Plaintiff.

Part III argues that any delay in the discovery of the identifying information of the Defendants will cause great prejudice to Plaintiff.

## I. MOVANT'S REQUEST FOR EXTENSION IS MOOT BECAUSE HE LACKS STANDING TO RESPOND TO PLAINTIFF'S DISCOVERY MOTION

Movant requests an extension so he can file an opposition to Plaintiff's discovery motion because under Local Rule 11(c)(1) he was required to do so within 14 days of Plaintiff's filing. (ECF No. 8.) Local Rule 11(c)(1), however, expressly permits only a party to the action to file a brief in opposition. L.R. 11(c)(1) ("the *opposing party* must file a responsive brief and such supporting documents as are appropriate within 14 days after service . . . .") (emphasis added). No defendant has been named and served in this case, so Movant is not a party to this action. Movant lacks standing to respond to Plaintiff's Discovery Motion.[1] Therefore, he should not be granted an extension to file something that he plainly lacks standing to file.

## II. MOVANT'S REQUEST SHOULD BE DENIED BECAUSE HE FAILED TO PROPERLY MEET AND CONFER WITH PLAINTIFF

Courts generally require a movant seeking to circumvent the federal or local rules to meet and confer with the opposing party in an attempt to reach an agreement and avoid wasting judicial resources. Movant failed to meet and confer with Plaintiff prior to the filing of his motion. Had he met and conferred with Plaintiff, this matter may have been resolved without Court intervention. His request for extension should be denied for his failure to comply with the meet and confer requirements.

---

[1] As a non-party and non-recipient of Plaintiff's subpoenas, the only form of relief Movant has standing to seek to protect his identifying information is the filing of a motion to quash Plaintiff's subpoena for claims of privilege or other protected matter. *See, e.g.*, *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought."). This is not the motion Movant seeks to file, and the Court should not treat Movant's opposition to Plaintiff's Discovery Motion as a motion to quash a subpoena.

### III. ANY DELAY IN THE DISCOVERY OF THE IDENTIFYING INFORMATION OF THE DEFENDANTS WILL CAUSE GREAT PREJUDICE TO PLAINTIFF

Plaintiff filed its Discovery Motion on October 10, 2012. (ECF No. 4.) In its memorandum in support of its motion, Plaintiff explained that the identifying information Plaintiff seeks will be destroyed with the passage of time.[2] (ECF No. 5 at 7) ("Plaintiff has good cause for expedited discovery because . . . physical evidence of infringement may be destroyed with the passage of time . . . ."); *see also Arista Records LLC v. Does 1–7*, No. 3:08-CV-00018, 2008 WL 542709, at *1 (M.D. Ga. Feb 25, 2008) (granting expedited discovery of Doe defendants' identifying information where ISP logs would be destroyed with time and plaintiffs had no other way to obtain the information). Nearly a month after Plaintiff filed its motion and several weeks after the deadline for a *party* to respond to Plaintiff's Discovery Motion, Movant seeks an extension of time. (ECF No. 8.) In support of his request for extension, Movant argues that "delay on the judicial proceedings in minimal." (ECF No. 9 at 2.) This is incorrect. If the information Plaintiff seeks is destroyed, it will have no means to identify the individuals that

---

[2] One example (of many) of evidence that may be destroyed over time would involve a situation where the registered IP user may claim they had an "open" (non-secured) wireless network and that someone else used their internet connection. If a registered IP user were to make such a claim, the router of the registered IP user creates logs of computers connected to it assigning discrete MAC codes to each computer connected at any time that could be deleted automatically depending on what setting the registered IP user makes with their router logs. Another example would be "the neighbor did it", at which time a subpoena may be necessary to the internet service provider to identify possible ancillary infringement, in which case data is destroyed sometimes as quickly as a few weeks. There are several additional examples of how data could be deleted over time that would be relevant to the Plaintiff to determine who committed the infringement depending on the defense the registered IP user may raise. The specific point is that the Plaintiff has no idea what, if any, defense of a third party causing the infringement over the registered users IP network the registered IP user may make, and the Plaintiff merely seeks permission to explore and rule out reasonable other claims of 3rd party infringement before naming the registered IP user as the Defendant. The Doe 3 essentially concedes in his opposition that the data and testimony the Plaintiff seeks would be obtainable in normal discovery but argues that getting the relevant information prior to naming the IP user as a Defendant (or a third party infringer) somehow unduly prejudices the Doe 3 without any reasonable factual basis.

3

infringed on in its copyright work and will be effectively barred from proceeding in this action. Because delay in the discovery of the identifying information of the Defendants will cause great prejudice to Plaintiff, Movant's request for extension should be denied.

## CONCLUSION

The Court should deny Movant's request for an extension of time to file his opposition to Plaintiff's Discovery Motion. Movant lacks standing to respond to Plaintiff's Discovery Motion. He failed to properly meet and confer with Plaintiff. Any delay in the discovery of the identifying information of the Defendants will cause great prejudice to Plaintiff.

DATED: 10/10/12

Respectfully submitted,

By: /s/ Timothy V. Anderson
Timothy V. Anderson
Anderson & Associates, PC
2492 North Landing Rd Ste 104
Virginia Beach, VA 23456
757-301-3636 Tel
757-301-3640 Fax
timanderson@virginialawoffice.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 6, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

By: /s/ Timothy V. Anderson
Timothy V. Anderson
Anderson & Associates, PC
2492 North Landing Rd Ste 104
Virginia Beach, VA 23456
757-301-3636 Tel
757-301-3640 Fax
timanderson@virginialawoffice.com
*Attorney for Plaintiff*