UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

AF Holdings LLC.,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

CASE NO. 3:12cv55

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH OR MODIFY SUBPOENA**

An anonymous individual ("Movant") filed a motion to quash Plaintiff's subpoena. For the foregoing reasons, the movant's motion should be denied.

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion suffers from several procedural defects. Part II argues that Movant's motion should be denied on the substance of his arguments.

**I.    MOVANT'S MOTION SUFFERS FROM FATAL PROCEDURAL DEFECTS**

Movant's motion suffers from three procedural defects. First, Movant lacks standing to move to quash Plaintiff's subpoena on the arguments she raises. Second, Movant's motion violates Federal Rule of Civil Procedure 11.

    **A.  Movant Lacks Standing to Move to Quash the Subpoena Based on the Arguments he Raises**

1

The list of permissible grounds for quashing or modifying a subpoena is set forth in Federal Rule of Civil Procedure 30. What is vitally important here, is that unlike the contention raised in his pleadings, the movant is **NOT** the Defendant in this action. He is a witness. A non-party witness has extremely limited rights to modify a subpoena for deposition or even object to the procedure herein. This list does not include quashing or modifying a subpoena for the reasons annunciated in his motion. Fed. R. Civ. P. 30. Movant has, therefore, failed to raise a valid argument to quash or modify Plaintiff's subpoena.

### B. Movant's Motion Fails to Comply with Federal Rule of Civil Procedure

The movant is not a party as defined by the rules of civil procedure, and accordingly has no standing to object to being deposed.

## II. MOVANT'S MOTION SHOULD BE DENIED ON THE MERITS

Even if Movant's motion did not suffer from fatal procedural defects, Movant's motion should be denied on the merits. First, the movant is not a party. At this point, he is only a witness. The Plaintiff intends to gather information pursuant to the subpoena to investigate the infringement claimed, which may include the deposition of the movant as a witness. He, at least at this moment in time, is not the "Doe" defendant in this action. Upon further discovery and investigation, the Plaintiff may seek to name him as the Defendant or may name an unrelated third party. But until the time the Plaintiff so elects, he is simply a witness and no different than any other witness, his rights are limited on objecting to the information sought by the Plaintiff. The Plaintiff seeks to depose Z.L. based on the sworn testimony of the IP address holder the Plaintiff recorded in December 2012. The Plaintiff is investigating the infringement activity the Plaintiff knows occurred within the household that Z.L. lives in. Plaintiff believes that following the deposition of Z.L. it will be able to either name Z.L. as the Defendant, dismiss the action or

seek to depose a third party that may arise from the deposition Z.L. offers. All of the Plaintiff's actions here are to ensure that the correct Defendant is named. The objection of Z.L. in the form of a party objection is completely meritless.

The digital age has allowed infringement to occur on a massive scale. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928–629 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before"). Fundamental principles regarding protecting and fostering artistic creation do not disappear simply because artistic works have transitioned from tangible to digital. Plaintiff is attempting to stem the tide of unabashed copyrighted infringement via BitTorrent. While Movant goes to great lengths to portray Plaintiff in a negative light, there is nothing wrong with a corporation focused on protecting its intellectual property—except, of course, from the perspective of an infringer.

## CONCLUSION

The Court should deny Movant's motion. Movant's motion suffers from several procedural defects. Movant's motion should be denied on the merits of his arguments.

Respectfully submitted,

AF Holdings, LLC

DATED: January 15, 2013

By:    s/ Timothy V. Anderson
*Timothy V. Anderson, Esq.*
(Bar No. 43803)
Anderson & Associates, PC
2492 North Landing Rd, Ste 104
Virginia Beach, VA 23456
Telephone: (757) 301-3636
FAX: (757) 301-3640
E-mail: timanderson@virginialawoffice.com

*Attorney for Plaintiff,*
Quad Int'l Incorporated

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 15, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

                                                           s/ Timothy V. Anderson