IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| AF HOLDINGS, LLC, | ) |
| Plaintiff, | ) CIVIL ACTION NO.: 3:12CV55 |
| vs. | ) MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR STAY OF DEPOSITION |
| JOHN DOES 1-4, | ) |
| Defendants. | ) |

**EMERGENCY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF DEPOSITION**

COMES NOW Defendant John Doe 2, a.k.a. "Z.L." ("Z.L."), by counsel, and hereby submits the following Memorandum of Law in Support of Emergency Motion for Stay of Deposition.

**A. Introduction**

Plaintiff filed a motion to conduct early discovery and depose Z.L. Doc. 18. The Court granted Plaintiff's motion in an Order dated December 20, 2012 ("December Order"). Doc. 19. Plaintiff prepared a deposition subpoena to Z.L. ("Subpoena"), setting a deposition date for January 16, 2013 and demanding that Z.L. produce certain documents. On January 13, 2013, Z.L. filed a motion for reconsideration of the December Order and a motion to quash the Subpoena ("Motion to Quash"). Docs. 20-21. The Motion to Quash was referred to Magistrate Judge B. Waugh Crigler. A telephonic motion hearing was held with Judge Crigler on January 31, 2013 (Doc. 24-25), and on February 6, 2013, Judge Crigler entered an order ("February Order") (Doc. 26) denying Z.L.'s Motion to Quash and ordering that a deposition of Z.L. take place on February 28, 2013 ("Deposition").

1

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), Z.L. has timely filed objections to the February Order. However, since Z.L. is not certain when the Court will consider his objections to the February Order, the Deposition may occur before the Court makes its decision. The Deposition taking place would obviously render Z.L.'s objections moot. Therefore, Z.L. is moving the Court to stay the Deposition, pending the outcome of his objections to the February Order. Furthermore, due to the time-sensitive nature of this matter, Z.L. requests, pursuant to Local Rule 11(c)(3) and (b), that the Court immediately act upon this motion to stay without waiting for a response from Plaintiff and without oral hearing; otherwise, both Z.L.'s motion for stay and objections to the February Order will become moot.

### B. Argument

"A district court possesses the 'inherent power' to stay an action to ensure the 'efficient management of [its] docket[], *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983), and to promote 'economy of time and effort for itself, for counsel, and for litigants.' *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)." *Robinson v. Depuy Orthopaedics, Inc.*, Case No. 3:12-cv-00003, *3 (C.J. Conrad) (W.D. Va. Mar. 6, 2012). "When determining whether to grant a motion to stay, a district court must 'weigh competing interests and maintain an even balance.'" *Id.* (quoting *Landis*, 299 U.S. at 255). Per Local Rule 11(c)(3), "[p]rocedural motions … whether or not opposed, may be acted upon at any time by the Court, without awaiting a response, and any party adversely affected by such action may request reconsideration, vacation, or modification of such action." According to Local Rule 11(b): "In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing."

In this instance, Z.L. has a right under 28 U.S.C. § 636 (b)(1)(A) and the Federal Rules of Civil Procedure to object to an order from a magistrate judge. Fed. R. Civ. P. 76(a) states:

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. ... The district judge in the case **must** consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law" (emphasis added). Z.L. has complied with Fed. R. Civ. P. 76(a) by timely filing his objections to the February Order.

However, Z.L. is not certain when the Court will consider his objections. The February Order sets the Deposition for February 28, 2013. If Z.L. does not attend the Deposition, then he will be in contempt of court, but if he does attend, then his objections to the February Order will be rendered moot. To prevent either negative outcome and in the interests of justice, Z.L. respectfully requests that the Court stay the Deposition pending the Court's evaluation of his objections to the February Order. Z.L. further requests that the Court immediately decide on this emergency motion for stay, without waiting for Plaintiff to respond and without an oral hearing. Normally, Plaintiff would have 14 days after service to file an opposition to the motion for stay, with 7 more days for Z.L. to file a rebuttal; additionally, the parties would have the option of an oral hearing with the Court. However, these events would all occur well past the February 28, 2013 Deposition date, thus rendering Z.L.'s motion for stay moot unless the Court acts upon it earlier. Per Local Rules 11(b) and 11(c)(3), the Court has the power to determine motions without an oral hearing and to act upon procedural motions without waiting for a response from the non-moving party.

Z.L. will be prejudiced if the stay is not immediately acted upon or granted, in that he will be denied the ability to exercise his right to have the Court evaluate the magistrate judge's order;

this would result in an obvious inequity upon Z.L. Plaintiff, on the other hand, will not be genuinely damaged by the stay. As explained in previous filings, Plaintiff has already delayed the litigation on its own by dismissing without prejudice its previous case and then waiting for ten months to re-file in this district. Doc. 21, pp. 2-4. Delaying the Deposition for several more weeks will hardly prejudice Plaintiff. Additionally, Plaintiff is already aware of Z.L.'s identity and knows where he lives, so there is no risk of "losing" Z.L. Doc. 21, p. 4. Furthermore, none of the defendants in this case has been named or served, so litigation is still in its very early stages. Thus, on balance, it is clear that Z.L.'s interest in exercising his federally-granted rights – and avoiding either foregoing those rights or being in contempt of court – outweighs any potential damage to Plaintiff.

**C. Conclusion**

For the foregoing reasons, Z.L. respectfully requests that the Court immediately stay the Deposition pending the Court's evaluation of Z.L.'s objections to the February Order, and that the Court act upon Z.L.'s emergency motion for stay immediately without waiting for Plaintiff's response or for an oral hearing.

Dated: February 19, 2013    JOHN DOE 2 ("Z.L.")

    /s/ Domingo J. Rivera
Domingo J. Rivera, Esq. (VSB #71407)
Domingo J. Rivera, Attorney at Law, PLC
8527 Mayland Drive, Suite 107
Richmond, VA 23294
Telephone: 804-332-6585
Fax: 866-651-2004
Email: djr@cyberinternetlawyer.com
*Counsel for Defendant John Doe 2 ("Z.L.")*

## **CERTIFICATE**

I hereby certify that on the 19th day of February, 2013 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Timothy V. Anderson
Anderson & Associates, PC
2492 North Landing Rd Ste 104
Virginia Beach, VA 23456
757-301-3636 Tel
757-301-3640 Fax
timanderson@virginialawoffice.com
*Attorney for Plaintiff*

                                                   /s/ Domingo J. Rivera
                                          Domingo J. Rivera, Esq. (VSB #71407)